WENTWORTH, Judge,
dissenting.
In the appealed order, the trial court found only that:
[T]he Court having found, as a matter of fact, that since the entry of the Final Judgment of Dissolution of Marriage, there had been a substantial change of circumstances affecting the minor child and as a matter of fact, TAMMY SUE WALDEN had been living in an environment detrimental to the health, safety and well-being of the minor child.
The order is devoid of any factual findings which would support this conclusion, and appellant contends that there is no record evidence which will support it. Since we do not yet have the record, the denial of the stay effectuates the appealed order resulting in the immediate removal of the six year old child from the primary care of his mother, with whom he has resided since the parties’ divorce in November of 1982. If the mother’s contentions are correct and she is .successful on appeal, the denial of the stay will result in uprooting the child twice. If the stay were granted, the child would either be uprooted once (if the appeal is unsuccessful) or not at all. Only by denying the stay does the double upheaval become a possibility. Since there is nothing in the order substantiating the implication that the child’s welfare is in imminent peril, I believe that the granting of the stay provides the greatest likelihood of protecting the child’s best interests.